YVONNE ALEXANDRINE COTNAREANU, Plaintiff, *v.* JOHN F. WOODS, Defendant.

Supreme Court, New York County, April 5, 1935.

*Francis L. Kohlman* [*Samuel Seabury, Francis L. Kohlman* and *George Trosk* of counsel], for the plaintiff.

*Davis, Polk, Wardwell, Gardiner & Reed* [*John W. Davis* of counsel], for the defendant.

CALLAHAN, J. In July, 1932, the plaintiff commenced an action against Francois Coty in the Supreme Court, Kings county, to recover $5,097,625 on a written contract between the parties. In September, 1932, plaintiff levied an attachment upon shares of stock of Coty, Inc., a Delaware corporation, belonging to the defendant Coty, by serving the warrant with notice of levy on banks in New York city which then had and still have the certificates of stock in their possession within this State, registered in the names of their nominees. In November, 1933, plaintiff recovered a judgment against Coty, in the Kings county action, for $5,760,622.85. Execution was issued but remains unsatisfied. In December, 1933, Coty appeared specially and moved to vacate the attachment and judgment but his motion was denied. In March and April, 1934, actions were commenced by the plaintiff and the sheriff of New York county against the banks, Woods and others in aid of the attachment for the purpose of requiring the delivery of the certificates of stock to the sheriff. The claim made by the defendants in said actions that the certificates of stock were not properly attached because the notices of levy did not sufficiently identify the certificates in the possession of the banks as being the certificates sought to be attached was overruled by Mr. Justice COLLINS who held that the certificates were properly attached if they, in fact, were the property of Coty.

Meanwhile, on November 29, 1935, more than two months after the levy of the plaintiff's attachment, Woods commenced a suit against Coty in the Supreme Court, New York county, to recover $1,091,351.15 as assignee of the payees of certain instruments for the payment of money alleged to have been made by Coty. On December 1, 1933, Woods levied an attachment upon Coty's interest in the same shares of stock as those upon which plaintiff had previously levied in the Kings county action. Although Coty defaulted in pleading in the New York county action, no judgment was entered against him. Instead Woods commenced an action at law against Coty in the State of Delaware to recover on the same cause of action as the one which formed the basis of his previous suit in New York county. On December 5, 1933, Woods, as

plaintiff in the Delaware action, served an attachment upon the resident agent of Coty, Inc., in Delaware, claiming thereby to have attached Coty's interest in the same shares of stock of Coty, Inc., as had been previously levied upon by the parties to this action in the Kings county and New York county actions, respectively. On December 21, 1933, Woods filed a bill in equity in the Court of Chancery of the State of Delaware in aid of his Delaware attachment and in said equity suit procured an order sequestering the shares of stock. On April 26, 1934, Woods took judgment by default against Coty, in the Delaware law action, for $1,144,089.27.

It appears to be quite clear that the purpose of the proceedings taken by Woods in Delaware was to take advantage of the fact that the law of Delaware in respect to attachments of corporate stock seems to be contrary to the law of this State. It is the well-established law of New York State that the physical presence here of stock certificates of foreign corporations confers jurisdiction upon the courts of this State for attachment purposes. The law of Delaware, however, appears to be that a stock interest in a Delaware corporation may not be attached anywhere but in Delaware, regardless of the fact that the certificates may not be in that State. If Woods were permitted to continue the actions commenced by him in Delaware the priority of plaintiff's attachment over that subsequently obtained by Woods in this State would be destroyed and Woods would be enabled to obtain for himself the priority which properly belongs to the plaintiff. Woods, a resident of this State, is seeking to evade and circumvent its laws by instituting proceedings in a foreign jurisdiction. There is ample authority for the granting of an injunction under such circumstances. (*Cole* v. *Cunningham*, 133 U. S. 107; Pom. Eq. Juris. [4th ed.] § 2091; 32 C. J. 117; High Injunctions, § 77.)

It is true that the plaintiff herself has likewise instituted various actions in the State of Delaware. It does not follow, however, as Woods contends, that the plaintiff has thereby waived her right to enjoin further proceedings on his part. All of the actions and steps taken by the plaintiff in Delaware, with a single exception, were in aid and defense of the attachment previously obtained by her in this State. The exception referred to is an action at law commenced in Delaware by the plaintiff against Coty in February, 1934, in which an attachment was levied in Delaware upon Coty's stock interest in Coty, Inc. Although this action is not strictly in aid or defense of the New York attachment, nevertheless it is clear that the plaintiff was forced into the State of Delaware by reason of the fact that the defendant had, prior thereto, brought an attachment suit in Delaware as well as an equity action in aid of his

attachment. The court is of the opinion, under the circumstances, that the plaintiff is not estopped from obtaining the injunctive relief to which she would be entitled had she taken no proceedings in the State of Delaware.

That plaintiff is a non-resident would not seem to affect her rights. Her claim was of a transitory nature. The courts of this State took jurisdiction thereof, and having found property of defendant in this State which was subject to attachment, awarded her judgment. The rights thus granted her should be protected irrespective of the place of her residence.

The motion for a temporary injunction is granted on condition, however, that the plaintiff, upon the settlement of the order to be entered hereon, file a stipulation to the effect that she will take no further steps in Delaware, in the actions commenced by her or otherwise, until the trial of the present action. Settle order fixing undertaking.